State v. Hammonds

The judgment appealed from is

Affirmed.

Judges HEDRICK and MARTIN concur.

STATE OF NORTH CAROLINA v. WALTER HAMMONDS

No. 7516SC69

(Filed 7 May 1975)

Criminal Law §§ 96, 169— erroneous admission of evidence — curative instruction

The erroneous admission of testimony concerning defendant's prior convictions for violations of the liquor laws was not prejudicial where the trial court subsequently instructed the jury that the evidence was not competent and should in no way be considered against defendant; furthermore, there was evidence by the prosecuting witness that defendant sold him a beer in Robeson County, that act being illegal, and defendant failed to object to such evidence.

APPEAL by defendant from *Clark, Judge.* Judgment entered 13 September 1974 in Superior Court, ROBESON County. Heard in the Court of Appeals on 7 April 1975.

Defendant was charged in a bill of indictment, proper in form, with the felony of assault with a deadly weapon with intent to kill inflicting serious injury. He pleaded not guilty and evidence for the State tended to show:

Defendant operated Dreamland, a place of business between Lumberton and Pembroke on Highway 711. The prosecuting witness, Tony Locklear, went to Dreamland on 16 November 1973, purchased a beer for sixty cents from defendant, and began playing pool with his cousin. An argument arose between Locklear and his cousin and defendant ordered them to leave. Heated words were exchanged between Locklear and defendant, resulting in an altercation in which defendant cut Locklear across his face with a knife. Hospitalization was required for treatment of Locklear's wounds.

Defendant did not testify but offered evidence tending to show that Locklear was cut by someone else.

The jury returned a verdict of guilty of assault with a deadly weapon inflicting serious injury. The court entered judgment imposing prison sentence of not less than three nor more than five years from which defendant appealed.

*Attorney General Edmisten, by Associate Attorney Thomas M. Ringer, Jr., for the State.*

*Musselwhite, Musselwhite & McIntyre, by Charlie S. McIntyre, Jr., for the defendant appellant.*

BRITT, Judge.

By his second assignment of error, defendant contends the trial court erred in allowing the State, through cross-examination of defendant's wife, to elicit evidence which tended to impeach his character. Defendant did not testify nor otherwise put his character in issue and the evidence elicited tended to show that he had been convicted several times of liquor law violations.

At the close of defendant's evidence, the court instructed the jury, separate and apart from its regular charge, that it had erred in admitting evidence of defendant's prior convictions. The court instructed the jury that the evidence was not competent and that they should disregard it and in no way consider it against defendant. The court again instructed the jury in the regular charge that this evidence was not to be considered by them in any way.

We hold that the court's subsequent instructions adequately removed any prejudice caused by the error in admitting the evidence. *State v. Strickland,* 229 N.C. 201, 207-08, 49 S.E. 2d 469 (1948) ; 1 Stansbury, North Carolina Evidence, § 28 (Brandis rev. 1973). Furthermore, there was evidence by the prosecuting witness, admitted without objection, that defendant sold him a beer for sixty cents and that on other occasions beer was sold over-the-counter at Dreamland. We take judicial notice of the fact that the sale of beer in Robeson County in November of 1973 was illegal. That being true, the rule that the admission of testimony over objection is ordinarily harmless when testimony of the same import is theretofore or thereafter introduced without objection, 3 Strong, N. C. Index 2d, Criminal Law, § 169, is applicable. The assignment of error is overruled.

By his first assignment of error, defendant contends that the trial court erred in allowing the prosecuting witness to testify that defendant operated a "bootleg place". As set out above, there was ample evidence admitted without objection tending to show that defendant sold beer at his place of business, a violation of the liquor laws; therefore, the stated rule would apply to this assignment and it too is overruled.

We have reviewed the other assignments of error brought forward and argued in defendant's brief, but finding them to be without merit, they too are overruled.

No error.

Judges HEDRICK and MARTIN concur.